716 So.2d 1120 (1998)
CALDWELL & GREGORY, INC., Appellant,
v.
UNIVERSITY OF SOUTHERN MISSISSIPPI, Appellee.
No. 96-CA-00155 COA.
Court of Appeals of Mississippi.
June 23, 1998.
Penny J. Alexander, Petal, for Appellant.
Michael C. Moore, Atty. Gen., Jackson, Lee P. Gore, Sp. Asst. Atty. Gen., Hattiesburg, for Appellee.
John B. Dongieux, Brandon, for Amicus Curiae.
Before McMILLIN, P.J., and HERRING and HINKEBEIN, JJ.
McMILLIN, Presiding Judge, for the Court:
¶ 1. This case comes before the Court on appeal from a judgment entered in the Chancery Court of Forrest County. That judgment ordered the University of Southern Mississippi to deliver to D & S Service Company, L.L.P., a copy of a proposal submitted to the University by Caldwell & Gregory, Inc. for the operation of the coin-operated laundry facilities found in the various residence halls on the campus. Caldwell & Gregory, desiring to maintain the confidentiality of its proposal, has appealed to this Court, claiming that the chancellor erred in finding that the proposal was not exempt *1121 from disclosure as an exception to the Mississippi Public Records Act of 1983. We conclude that the chancellor applied an incorrect legal standard in ordering the disclosure of the proposal and, therefore, reverse the chancellor's judgment and remand the cause for further proceedings.

I.

Facts
¶ 2. The University, in 1995, issued a request for interested persons to submit proposals for the operation of 24 coin-operated laundry facilities in the various campus residence halls. Both D & S and Caldwell & Gregory, along with one other company, responded by submitting proposals. The University, after evaluating the various aspects of the proposals, awarded the contract to Caldwell & Gregory. D & S, unhappy with the University's decision, filed a formal request with the University to be furnished a copy of Caldwell & Gregory's entire proposal under Mississippi's Public Records Act. In keeping with the terms of the Act, the University notified Caldwell & Gregory of the request and of the University's obligation to comply with the request unless Caldwell & Gregory was able to obtain a court order protecting the proposal from disclosure.
¶ 3. Caldwell & Gregory, believing that the documents requested were exempt from disclosure under the Act, filed this action and requested a protective order prohibiting the University from furnishing a copy to D & S. The University, as the proprietor of the requested documents, was named as the defendant in the suit. However, because the University was, in actuality, a mere stakeholder in the matter, and because the actual dispute was between Caldwell & Gregory and D & S, it appears that the chancellor permitted D & S to be heard in opposition to Caldwell & Gregory's request, though there is no indication that D & S made a formal entry as a party to the litigation. D & S also did not attempt to appear in this appeal. Rather, it obtained leave from the supreme court to file an amicus curiae brief in opposition to Caldwell & Gregory's argument.
¶ 4. No evidentiary hearing was conducted before the chancellor. Instead, the chancellor relied solely on an in camera inspection of the bid document itself, submitted, under seal, to the chancellor by the University, and briefs from Caldwell & Gregory and D & S. Based on his review of the bid document, the chancellor concluded that "nothing contained in the submission by [Caldwell & Gregory] to [the University] in response to its request for proposals falls within the exception of the Mississippi Public Records Act of 1983 applying the definition set forth in the Trade Secrets Act... ." Relying on that finding, the chancellor ordered disclosure of the proposal document to D & S. It is from that order that Caldwell & Gregory perfected this appeal.

II.

Discussion
¶ 5. The Mississippi Public Records Act of 1983 governs the extent to which information held by a public body may be accessed by members of the public. There is no legitimate dispute that the University is a public body and that the requested documents, once submitted to the possession of the University, became public records within the definition of such records set out in the Act. Miss. Code Ann. § 25-61-3(a) and (b) (Rev. 1991 & Supp. 1997). As such, Caldwell & Gregory's proposal became public property subject to being inspected and copied by any person  including D & S  under Section 25-61-5 of the Act, unless the information fell within one of the exceptions set out in Section 25-61-9.
¶ 6. Caldwell & Gregory argued to the chancellor without success that the requested information was, in fact, subject to the first enumerated exception of Section 25-61-9. That provision of the Act states that:
Records furnished to public bodies by third parties which contain trade secrets or confidential commercial or financial information shall not be subject to inspection, examination, copying or reproduction under this chapter until notice to said third parties has been given, but such records shall be released within a reasonable period *1122 of time unless the said third parties shall have obtained a court order protecting such records as confidential.
Miss. Code Ann. § 25-61-9(1) (Rev. 1991 & Supp. 1997).
¶ 7. As we have observed, the chancellor, after an in camera review of the Caldwell & Gregory proposal, concluded that none of the material fit within the above-quoted exception. In reaching that conclusion, the chancellor relied exclusively on the definition of trade secrets found elsewhere in the Mississippi Code. In 1990, the Mississippi Legislature adopted the Mississippi Uniform Trade Secrets Act which defines a trade secret for purposes of that Act as follows:
(d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that:
(i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
Miss. Code Ann. § 75-26-3 (Rev. 1991).
¶ 8. This Court concludes that the chancellor erred when he applied the strict definition of a trade secret found in the Uniform Trade Secrets Act as the sole standard to measure the availability of Caldwell & Gregory's proposal to the general public under the Public Records Act. On its face, the Public Records Act protects a broader range of information than just that covered under the above-quoted definition from the Trade Secrets Act. The Public Records Act protects from disclosure documents in the hands of a public body "which contain trade secrets or confidential commercial or financial information. ..." Miss. Code Ann. § 25-61-9(1) (Rev. 1991 & Supp. 1997) (emphasis supplied). The Public Records Act was adopted several years prior to the enactment of the Trade Secrets Act. The two laws were enacted to address different issues and there is no indication in either statute or in prior case law that the subsequent enactment of the Trade Secrets Law was intended to narrow the focus of the Public Records Act. Certainly, private third parties may be in possession of information regarding their financial status and business practices that they would legitimately consider confidential even though the information might not meet the strict test of being a trade secret as that term is defined in the Trade Secrets Act or previous judicial opinions.
¶ 9. Thus, we are satisfied that the Public Records Act provides significantly broader protection to Caldwell & Gregory than the chancellor afforded in this case. It is the duty of an appellate court to intervene when it concludes that the trial court has applied an incorrect legal standard. City of Jackson v. City of Ridgeland, 551 So.2d 861, 863-64 (Miss. 1989). Since that is what seems to have occurred in this case and since Caldwell & Gregory's rights have been adversely affected by that error, we are obligated to reverse.
¶ 10. Because of the possibility of a retrial of the issues on remand, we also observe that, in the course of our review of this case on appeal, we necessarily conducted our own in camera inspection of the proposal documents. Based on that review, we conclude that there is a legitimate issue of fact as to whether all, or a substantial part, of Caldwell & Gregory's proposal contains confidential commercial information within the meaning of the Public Records Act. There is, for example, a lengthy list of business references that includes a mailing address for each reference. It is evident that this list is, in fact, a compilation of those organizations with whom Caldwell & Gregory has done or is doing business. Such customer lists are traditionally viewed as being confidential and are jealously guarded from competition. Additionally, the proposal contains a narrative business plan designed to substantially increase the revenues flowing from the University's enhanced laundry facilities. The plan is accompanied by photographs and case histories of the success of similar undertakings by the company at other locations. A business that develops marketing and business *1123 plans to compete effectively in the commercial world is entitled to consider the fruits of such effort confidential. Thus, the business should be able to reasonably resist disclosure of such information even if it is not so unique as to rise to the high level of being a trade secret. The fact that, in the course of seeking a business arrangement with a public agency, the business is willing to share that sort of confidential information with the agency itself (from whom it can reasonably expect no competition) in the hope of securing a business relation with the public body does not mean, necessarily, that the information ought to fall into the hands of the general public.
¶ 11. In that vein, it is important to keep in mind that D & S, in making its request, occupies a position no different from any other member of the general public making such a request. There is no preference or heightened standing given to a business competitor seeking a copy of a rival's business proposal under the Public Records Act. A conclusion that all unsuccessful competitors for a public agency contract ought, as a matter of law, to be entitled to a copy of the successful entity's proposal is a matter for legislative, and not judicial, action.
¶ 12. Because we have concluded that the chancellor applied the incorrect legal standard, we reverse and remand this cause for a hearing at which each aspect of the proposal submitted by Caldwell & Gregory must be reviewed and a conclusion reached as to whether that material, in the common and ordinarily accepted meaning of the terms, contains "confidential commercial or financial information"  a much broader field of inquiry than whether the material meets the statutory definition of a "trade secret." See Miss. Code Ann. §§ 25-61-9(1) (Rev. 1991 & Supp. 1997), 75-26-3 (Rev. 1991). Only that information that does not legitimately meet this much broader "confidentiality" test may then be released to D & S and others for inspection and copying in accordance with the provisions of Section 25-61-9(2).
¶ 13. Because D & S has not formally appeared as a party in this case, we are faced with something of a dilemma in assessing costs. Our choices appear to be between a successful appellant and a nominal appellee that has no particular interest in the outcome of this litigation beyond ensuring that it follows the law in handling the material in its possession. In that situation, we depart from our customary practice of avoiding taxing costs to the successful party and conclude that the most equitable resolution of this problem is to tax the costs to the appellant.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF FORREST COUNTY IS REVERSED AND THE CASE IS REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. THE COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.