# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2010

No. 09-60164

Lyle W. Cayce
Clerk

FREDERICK GRIFFIN; ANNIE Y GRIFFIN,

Plaintiffs - Appellants

v.

ABN AMRO MORTGAGE GROUP INC, its affiliates, heirs and assigns; MORRIS & ASSOCIATES; EMILY K COURTEAU, individually and in her capacity as substituted trustee on the deed of trust; CITIMORTGAGE INC, as Successor in interest to ABN,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-1

Before JOLLY and GARZA, Circuit Judges, and MILLER[*], District Judge.

PER CURIAM:[**]

Frederick and Annie Griffin appeal the district court's grant of defendants ABN AMRO Mortgage Group Inc. ("ABN"), Morris & Associates, Emily Coutreau, and CitiMortgage, Inc.'s (collectively, "Defendants") motion to compel

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arbitration of the Griffins' dispute pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The clause at issue in the Griffins' mortgage agreement states in pertinent part that "[a]ll disputes, claims, or controversies arising from or related to the loan evidenced by the Note, including statutory claims, shall be resolved by binding arbitration, and not by court action." Also included in the arbitration clause is a statement that "any claims can be filed at any National Arbitration Forum office."

As a preliminary matter, the Griffins argue that removal of this case to federal court was improper because the Defendants did not present adequate evidence to show that CitiMortgage and ABN consented to Morris & Associates' removal.[1] However, the district court correctly found that Morris & Associates, a law firm, represented CitiMortgage in this dispute, and the Defendants presented evidence that CitiMortgage and ABN had merged. Both entities were aware of and consented to Morris & Associates' representation, including the decision to remove this case to federal court. Accordingly, the district court did not err in denying the Griffins' motion to remand to state court.

The Griffins contend that the district court erred in compelling arbitration because this dispute is beyond the scope of the arbitration clause and because the agreement is unconscionable. Neither argument has merit. There is no reason to characterize this dispute as a scheme to defraud the Griffins rather than a mere dispute over a loan, which is well within the clause's authority. Furthermore, this was not a contract of adhesion, as the plain language of the arbitration clause indicates that the Griffins were under no obligation to accept

---

[1] The defendants argue that the district court's denial of the Griffins' motion to remand to state court was not raised in the Griffins' Notice of Appeal and that, consequently, the Griffins are barred from appealing this order. We find that the defendants properly had notice of appeal of this issue from the arguments presented in the Griffins' briefing. *See Pluet v. Frazier*, 355 F.3d 381, 383 n.1 (5th Cir. 2004).

No. 09-60164

the arbitration clause as a condition of their mortgage agreement.[2] *See E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 716 (Miss. 2002). Additionally, both parties to the agreement had the power to compel arbitration over a dispute, indicating mutuality of the arbitration clause. Accordingly, the Griffins have presented no evidence indicating that they were required to enter into the agreement in order to receive their loan modification.

The Griffins also argue that the claims against Morris & Associates and Coutreau, one of its attorneys, were not arbitrable because these parties were not parties to the agreement. However, equitable estoppel permits a nonsignatory to an arbitration clause to compel arbitration against a signatory "when the signatory . . . raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). Here, the Griffins' claims against ABN, CitiMortgage, Morris & Associates, and Coutreau are substantially interdependent, as they all relate to the Griffins' default in terms of payment of the note and deed of trust, and subsequent foreclosure proceedings. Thus, equitable estoppel permitted the district court to compel arbitration proceedings against Morris & Associates and Coutreau.

However, the Griffins raise the issue that the National Arbitration Forum, the specified forum in the arbitration clause, no longer hears this type of case.

---

[2] The last paragraph above the signature block in the arbitration rider reads: "THIS IS A VOLUNTARY ARBITRATION AGREEMENT. IF YOU DECLINE TO SIGN THIS ARBITRATION AGREEMENT, LENDER WILL NOT REFUSE TO COMPLETE THE LOAN TRANSACTION BECAUSE OF YOUR DECISION." The Griffins contend that they were required to agree to the arbitration clause in order to receive their loan modification, but the Defendants used the arbitration rider appended to the Griffins' original loan as the basis for their motion to compel. In the absence of contrary evidence, we have no basis to believe the Griffins' agreement to the arbitration clause was anything but voluntary and knowing.

3

No. 09-60164

This issue was not raised before the district court but could affect the outcome of the case.  Accordingly, we VACATE the district court's order compelling arbitration and REMAND this case for the district court to decide in the first instance whether this new issue affects its decision to find the arbitration agreement enforceable.