# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2013

No. 12-60501
Summary Calendar

Lyle W. Cayce
Clerk

FREDERICK GRIFFIN and
ANNIE Y. GRIFFIN

Plaintiffs–Appellants

v.

ABN AMRO MORTGAGE GROUP, INC.,
its Affiliates, Heirs and Assigns, MORRIS &
ASSOCIATES, EMILY K. COURTEAU,
individually and in her capacity as substituted
trustee on the deed of trust, and CITIMORTGAGE,
INC., as Successor in Interest to ABN

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
Civil Action No. 2:08cv1-M-A

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60501

Plaintiffs–Appellees Frederick and Annie Griffin ("the Griffins") appeal the dismissal of their fraud and breach of contract suit against their mortgagee for misconduct associated with a home loan modification. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2001, the Griffins entered into a mortgage agreement that was ultimately assigned to ABN AMRO Mortgage Group, Inc., whose successor is CitiMortgage, Inc. (collectively "CitiMortgage"). The mortgage agreement they signed contains an arbitration rider that reads, in pertinent part:

> **ARBITRATION OF DISPUTES.** All disputes, claims, or controversies arising from or related to the loan evidenced by the Note, including statutory claims, shall be resolved by binding arbitration, and not by court action, except as provided in "Exclusion from Arbitration" below. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1–14) and the Code of Procedure of the National Arbitration Forum . . . .

> **EXCLUSION FROM ARBITRATION.** This agreement shall not limit the right of Lenders to . . . accelerate or require immediate payment in full of the secured indebtedness or exercise the other Remedies described in the Security Instrument before, during, or after any arbitration, including the right to foreclose against or sell the property . . . .

In September 2006, the Griffins requested a loan modification, which CitiMortgage granted. After the loan modification agreement was executed, CitiMortgage found a mistake in the agreement that meant the unpaid principal amount had been understated by $32,356.30. CitiMortgage contacted the Griffins and asked them to initial a corrected version of the document. The Griffins refused the request, and stopped making mortgage payments. In response, CitiMortgage engaged Morris & Associates, for whom Emily Courteau is an attorney, (collectively with CitiMortgage, "Appellees") to begin foreclosure proceedings.

2

No. 12-60501

The Griffins then brought suit in the Chancery Court of DeSoto County, Mississippi. Their complaint contained numerous allegations against Appellees, including claims of fraudulent misrepresentation in connection with the preparation of the loan modification documents and breach of contract stemming from the foreclosure proceedings. Appellees removed the case to federal court, and moved to compel arbitration on the basis of the mandatory arbitration clause in the Griffins' original mortgage agreement. The district court granted Appellees' motion, *see Griffin v. ABN Amro Mortg. Grp. Inc.*, No. 2:08cv1, 2009 WL 324015, at \*3 (N.D. Miss. Feb. 6, 2009); the Griffins then appealed to this Court. While the case was on appeal, the National Arbitration Forum ("NAF"), the mortgage agreement's designated arbitrator, withdrew from the consumer arbitration business. This Court found that the district court had not erred in granting the motion to compel arbitration, but remanded the case for a determination of how NAF's withdrawal affected that conclusion. *See Griffin v. ABN Amro Mortg. Grp. Inc.*, 378 F. App'x 437, 440 (5th Cir. 2010).

The Griffins took no further action until seven months later, when their attorneys filed an unopposed motion to withdraw as counsel. The district court denied the motion, and simultaneously ordered the Griffins to resume litigation or voluntarily dismiss the suit. Eventually Appellees filed a motion for dismissal for failure to prosecute, which prompted the Griffins to respond with a motion to declare the arbitration agreement unenforceable. Realizing that a determination against the Griffins would lead to another time-consuming appeal to the Fifth Circuit, Appellees filed a motion to withdraw their arbitration demand. On December 13, 2011, the district court granted the motion, and in the order, also warned the Griffins that if they persisted in showing a lack of interest in prosecuting the suit, it would be dismissed.

Soon afterward, Appellees moved to have the case dismissed for failure to state a claim, and the Griffins responded without raising any objection to the

December 13 order. The parties scheduled a settlement conference, but before it could be held, the Griffins' attorney once again moved to withdraw as counsel, citing an inability "to communicate with the plaintiffs concerning the litigation in this case," as well as the Griffins' insistence "on pursuing objectives that [the attorney] consider[ed] to be imprudent and providing [the attorney] with instructions that [we]re inconsistent with [his] professional advice." A magistrate judge granted the attorney's motion, and again warned the Griffins that if they did not retain new counsel and proceed with the case, it would be dismissed for failure to prosecute. The Griffins responded with a pro se motion in which they stated that they did not wish to continue with the case, but, somewhat inconsistently, also raised their first objection to the December 13 order. Contrary to the position they had taken for the previous four years, the Griffins now argued that the arbitration clause prohibited their case from being heard in the courts. The motion stated:

> The subject arbitration clause requires the use of the NAF as the exclusive arbitrator, and the same clause requires "no court action." . . . The Plaintiffs contend that the arbitration clause intended the NAF to be the exclusive tribunal for adjudicating disputes between the parties and that the language "no court action" specifically intended that a court would not hear the parties' dispute.

The district court ruled on the Griffins' pro se motion on May 23, 2012. In its order, the court registered its surprise at the Griffins' new litigation position, and noted that "[t]he fact that plaintiffs would raise this objection [to court litigation, rather than arbitration] months later and (apparently) against the advice of counsel raises questions in this court's mind as to whether they are simply playing games with it." The court also observed that "[t]he plaintiffs' pro se brief makes it clear why their former counsel felt it necessary to withdraw from this case, since their own words call for nothing less than the dismissal of their own case." Citing this conclusion and the multiple warnings the Griffins

had received about the consequences of their apparent unwillingness to litigate their case, the district court accordingly dismissed the Griffins' case for failure to prosecute.  The Griffins quickly filed what amounted to a motion for reconsideration, which the district court denied.  The Griffins now appeal the December 13 order granting Appellees' motion to withdraw Appellees' arbitration demand, the May 23 order dismissing the Griffins' case, and the denial of the Griffins' motion for reconsideration.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for a plaintiff's failure to prosecute.  *McCullough v. Lunaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  We review Rule 41(b) dismissals for abuse of discretion.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *see also Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988) (decisions relating broadly to the "supervision of litigation" are given abuse-of-discretion review).

The district court did not abuse its discretion in dismissing the Griffins' case.  The importance of the power to dismiss a case for want of prosecution is well-established; threat of the sanction is necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629–30.  A Rule 41(b) dismissal will be affirmed if there is "a clear record of delay or contumacious conduct by the plaintiff . . . and . . . lesser sanctions would not serve the best interests of justice."  *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (internal quotation marks omitted).  The court may also take into account the presence of "aggravating factors," such as "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay . . . and whether the delay was the result of intentional conduct."  *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).  The many lengthy periods of inaction on the Griffins' part would alone warrant concluding that the district

court was within its rights in dismissing this case.  That the court's multiple warnings about the consequences of Griffin's behavior failed to prevent further delays indicates that lesser sanctions likely would not have been effective.  The Griffins' self-defeating litigation position further justifies the district court's decision.  Far from abusing its discretion, the district court properly exercised its power to control its docket in dismissing the Griffins' case.

Given our disposition of the Rule 41(b) issue, the Griffins' appeal of the December 13 order is denied as moot.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment for Appellees.