# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00304-COA

**ANNIE Y. GRIFFIN AND FREDERICK GRIFFIN**                    **APPELLANTS**

**v.**

**CITIMORTGAGE INC., AS SUCCESSOR IN**                           **APPELLEES**
**INTEREST TO ABN AMRO MORTGAGE**
**GROUP INC., JAUREGUI & LINDSEY LLC, AS**
**TRUSTEE, AND ABC COMPANIES**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/09/2018 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | ANNIE Y. GRIFFIN (PRO SE) |
| | FREDERICK GRIFFIN (PRO SE) |
| ATTORNEYS FOR APPELLEES: | RICHARD CARLTON KELLER |
| | JASON BRYON TINGLE |
| | BRADLEY BARRON VANCE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 05/12/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     This is the third lawsuit that Annie and Frederick Griffin have filed in an effort to prevent foreclosure on their home.  Their first two lawsuits were dismissed with prejudice, and the dismissals were affirmed on appeal.  In their third lawsuit, the Griffins allege that CitiMortgage Inc., the beneficiary of their deed of trust, and Jauregui & Lindsey LLC, the substitute trustee, breached the deed of trust and committed torts or violated other laws by noticing a foreclosure sale while the Griffins were attempting to settle an unrelated dispute

with their homeowners' association. The chancery court dismissed the Griffins' amended complaint with prejudice, holding that it failed to state any claim upon which relief could be granted and was also barred by the doctrine of res judicata. We agree with the chancery court that the Griffins' amended complaint failed to state a claim.[1] Therefore, we affirm the judgment of the chancery court dismissing the case with prejudice.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2001, the Griffins obtained a mortgage loan from CitiMortgage and granted CitiMortgage a deed of trust on their home.[2] In September 2006, the Griffins requested a loan modification, which CitiMortgage granted. After the loan modification agreement was signed, CitiMortgage discovered a mistake in the document and asked the Griffins to initial a corrected version of the document. The Griffins refused and then stopped making mortgage payments. In response, CitiMortgage hired an attorney to begin foreclosure proceedings pursuant to the deed of trust.

### I. *Griffin I*

¶3. In November 2007, the Griffins filed suit in the DeSoto County Chancery Court against CitiMortgage and the trustee under the deed of trust. The Griffins alleged breach of contract and fraud in connection with their loan modification. The defendants removed the

---

[1] Because we affirm the judgment dismissing the case on this ground, it is unnecessary to address the issue of res judicata.

[2] ABN AMRO Mortgage Group Inc. was the original lender and beneficiary of the deed of trust. ABN AMRO merged into CitiMortgage in 2007 and ceased to exist as a separate legal entity. To avoid confusion, we simply refer to the lender/beneficiary as "CitiMortgage" throughout this opinion.

case to federal court. In 2012, the federal district court dismissed the case for failure to prosecute. The United States Court of Appeals for the Fifth Circuit affirmed the dismissal on appeal, and the United States Supreme Court denied the Griffins' request for a stay and petition for a writ of certiorari. *Griffin v. ABN AMRO Mortgage Group Inc.*, 517 F. App'x 240 (5th Cir. 2013), *stay denied*, 570 U.S. 935 (2013), *cert. denied*, 571 U.S. 1094 (2013).

## II. *Griffin II*

¶4. In January 2014, the Griffins filed a new complaint against CitiMortgage and the trustee in the DeSoto County Chancery Court. The Griffins' new complaint made the same factual allegations and asserted the same basic claims against the same defendants as their complaint in *Griffin I.* The chancery court dismissed the complaint based on the doctrine of res judicata, this Court affirmed on appeal, and the Mississippi Supreme Court denied the Griffins' petition for writ of certiorari. *Griffin v. ABN AMRO Mortgage Group Inc.*, 232 So. 3d 189 (Miss. Ct. App. 2017), *cert. denied*, 229 So. 3d 713 (Miss. 2017).

## III. *Griffin III*

¶5. In April 2018, CitiMortgage appointed a substitute trustee under the deed of trust (Jauregui & Lindsey), who then published notice that a foreclosure sale would be held pursuant to the deed of trust. Eight days before the scheduled foreclosure sale, the Griffins filed a new complaint in the DeSoto County Chancery Court against CitiMortgage and Jauregui & Lindsey. The foreclosure sale was then cancelled.

¶6. The defendants removed the case to federal court based on diversity jurisdiction. But just before the case was removed and before any responsive pleading was filed, the Griffins

filed an amended complaint that named their homeowners' association, Grandview Lakes Homeowners' Association Inc., as an additional defendant. The federal district court remanded the case to the chancery court because it concluded that Grandview's presence in the case defeated diversity jurisdiction. *Griffin v. CitiMortgage Inc.*, No. 3:18-CV-00146-NBB-JMV, 2018 WL 4261074, at *3 (N.D. Miss. Sept. 5, 2018).

¶7. The Griffins' amended complaint begins with a series of allegations about separate litigation between them and Grandview. That case, which was filed in 2006 and was also pending in the DeSoto County Chancery Court, apparently started as an action to collect unpaid homeowners' assessments, but it also involves claims by the Griffins and other homeowners that Grandview improperly amended their subdivision's restrictive covenants. That case was scheduled for mediation on June 13, 2018. The Griffins allege that the trustee's publication of a notice of a foreclosure sale interfered with their ability to settle their dispute with Grandview. They also claim that CitiMortgage breached the deed of trust, violated unspecified "laws," and caused them emotional distress by pursuing foreclosure prior to the scheduled mediation and by communicating with Grandview.

¶8. CitiMortgage filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted and based on the doctrine of res judicata. Jauregui & Lindsey joined CitiMortgage's motion, and Grandview filed an answer to the amended complaint. Following a hearing, the chancery court granted CitiMortgage's motion and dismissed all claims against CitiMortgage and Jauregi & Lindsey with prejudice for failure to state a claim upon which relief could be granted and based on the doctrine of res judicata.

4

The court also granted an ore tenus motion to dismiss made by Grandview during the hearing on CitiMortgage's motion. The Griffins then filed a timely motion for reconsideration under Mississippi Rule of Civil Procedure 59, which was denied, and a notice of appeal.[3]

**ANALYSIS**

¶9.    We review de novo an order granting a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6). *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶16) (Miss. 2010). "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and an inquiry as to the legal sufficiency is essentially limited to the content of the complaint." *Id.* at 502 (¶21) (quotation marks omitted). The court "must take the well-pleaded allegations of the complaint as true" and must "not grant the motion unless it appears beyond any reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moore ex rel. City of Aberdeen v. Byars*, 757 So. 2d 243, 246 (¶8) (Miss. 2000). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Rose v. Tullos*, 994 So. 2d 734, 739 (¶25) (Miss. 2008).

¶10.   We affirm the chancery court's dismissal on the ground that the Griffins' amended

---

[3] The Griffins and Grandview subsequently filed a joint motion to dismiss the appeal as to Grandview because they had "settled and compromised" "all things in controversy between them." The Supreme Court granted their joint motion and dismissed Grandview from the appeal. The Griffins later filed a motion to set aside the order dismissing Grandview from the appeal because Grandview allegedly breached the parties' settlement agreement. A panel of this Court denied the Griffins' motion. The panel noted that the Griffins and other homeowners had already obtained relief in the chancery court by filing a successful motion (in the separate action between Grandview and the homeowners) to enforce the parties' settlement agreement.

5

complaint failed to state a claim upon which relief can be granted. The Griffins allege that CitiMortgage breached the deed of trust, but they only cite a single sentence of the deed of trust that requires *the Griffins* to "promptly discharge" liens against the property unless the Griffins "contest[] the lien in good faith" in "legal proceedings which in [CitiMortgage's] opinion [will] operate to prevent the enforcement of the lien while those proceedings are pending." Apparently, the Griffins interpret this sentence to prohibit CitiMortgage from exercising its right to foreclose simply because there was a pending lawsuit between Grandview and the Griffins that involved a lien on the property. However, the sentence means no such thing. After the dismissal of *Griffin II* was affirmed on appeal, CitiMortgage restarted the foreclosure process because the Griffins had not made a monthly mortgage payment since 2007. Nothing in the contract provision cited by the Griffins prohibited CitiMortgage from foreclosing on the property pursuant to the deed of trust.

¶11. The Griffins also vaguely allege that CitiMortgage committed torts or violated unspecified "laws" by pursuing foreclosure prior to their scheduled mediation with Grandview or by communicating with Grandview. However, the Griffins point to no law or contract provision that would require CitiMortgage to refrain from foreclosing simply because the Griffins had scheduled a mediation in another lawsuit. Nor do the Griffins cite any law or contract provision that would prohibit CitiMortgage from communicating with another party that apparently claimed a lien against the subject property. Accordingly, the chancery court properly dismissed the case because the Griffins' amended complaint failed to state any claim upon which relief can be granted. M.R.C.P. 12(b)(6).

¶12. On appeal, the Griffins also assert that the chancery court abused its discretion by denying them leave to file a second amended complaint. After they filed their response to CitiMortgage's motion to dismiss, the Griffins also filed a motion for leave to amend their first amended complaint. However, the Griffins did not attach a proposed second amended complaint or in any way describe the substance of the proposed amendments.[4] Nor did they attempt to notice their motion for a hearing. Three days prior to the hearing on CitiMortgage's motion to dismiss, the Griffins filed an amended motion for leave to amend their first amended complaint. This time, the Griffins did attach a proposed second amended complaint. The proposed second amended complaint included new citations to case law and identified specific torts the defendants had allegedly committed, but the underlying factual allegations remained essentially the same. The Griffins did not attempt to notice their amended motion for a hearing. The Griffins attempted to raise the issue at the hearing on CitiMortgage's motion to dismiss, but the chancery court refused to consider the issue because the Griffins had not noticed either of their motions for a hearing.[5] The Griffins raised the issue again in their motion for reconsideration under Rule 59, which they did notice for a hearing. However, the chancery court denied that motion as well.

¶13. Mississippi Rule of Civil Procedure 15(a) does provide that when a complaint is

---

[4] *See Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 730 (Miss. 1989) ("[A] party cannot fail to convey the subject matter of the proposed amendment to the trial judge and if they do so fail, no error can be predicated on the judge's failure to allow the amendment.").

[5] *See Gettis v. Frison*, 99 So. 3d 1186, 1191 (¶20) (Miss. Ct. App. 2012) (finding that parties "waived their objections" to a special master's report because they "took no action to notice a hearing on their objections").

"dismiss[ed] for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), . . . leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court[.]" However, when the proposed "amendment would still render the claim futile, the chancellor is well within [her] discretion to deny such request." *Littlefield v. Littlefield*, 282 So. 3d 820, 829-30 (¶28) (Miss. Ct. App. 2019) (citing *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1219 (¶46) (Miss. 2001)). In other words, a court may deny a motion for leave to amend a complaint if the proposed amended complaint would still fail to state a claim upon which relief could be granted.

¶14. As stated above, the Griffins' proposed second amended complaint added some citations and causes of action, but the underlying factual allegations remained the same. Those factual allegations fail to state any claim for relief against CitiMortgage or Jauregui & Lindsey. Therefore, the chancellor did not err or otherwise abuse her discretion by denying the Griffins' leave to file a second amended complaint.

## CONCLUSION

¶15. The Griffins' amended complaint in this case, their third successive lawsuit against their mortgage lender, failed to state a claim upon which relief can be granted. Therefore, the chancery court properly dismissed the claims against CitiMortgage and Jauregui & Lindsey with prejudice. In the Griffins' prior appeal, this Court concurred with the federal "district court's observation that the Griffins appear engaged in a strategy of deliberately prolonging litigation with their mortgage company," apparently to avoid or postpone foreclosure. *Griffin*, 232 So. 3d at 192 (¶12). The chancellor in this case reached the same

conclusion and warned the Griffins that future frivolous filings could result in sanctions, including attorneys' fees. *See* M.R.C.P. 11; Miss. Code Ann. § 11-55-5 (Rev. 2012).  We join the chancellor's warning to the Griffins.

¶16.    **AFFIRMED.**

    **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**