# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-CA-00380-SCT

*PHIL BRYANT AND DEBORAH BRYANT*

*v.*

*DEEP SOUTH TODAY D/B/A MISSISSIPPI TODAY, MARY MARGARET WHITE, ADAM M. GANUCHEAU, AND ANNA L. WOLFE*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2025 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| TRIAL COURT ATTORNEYS: | WILLIAM MONROE QUIN, II |
| | W. THOMAS McCRANEY, III |
| | O. STEPHEN MONTAGNET, III |
| | HENRY LAIRD |
| | KATIELYNN BOYD TOWNSEND |
| | H. CHASE WEIDNER |
| | KATHERINE MORAN MEEKS |
| | LEE CRAIN |
| | THEODORE J. BOUTROUS, JR. |
| | SASHA ALEXANDRA DUDDING |
| | VICKI L. GILLIAM |
| | J. BRAD PIGOTT |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | O. STEPHEN MONTAGNET, III |
| | W. THOMAS McCRANEY, III |
| | WILLIAM MONROE QUIN, II |
| ATTORNEYS FOR APPELLEES: | HENRY LAIRD |
| | LEE CRAIN |
| | H. CHASE WEIDNER |
| | KATIELYNN BOYD TOWNSEND |
| | THEODORE J. BOUTROUS, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | DISMISSED AS MOOT IN PART AND REVERSED AND REMANDED IN PART - 04/23/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Phil and Deborah Bryant filed suit in the Circuit Court of Madison County asserting claims for defamation, false light, and loss of consortium. On May 16, 2024, the trial court denied the Bryants' motions for partial summary judgment. On April 4, 2025, the trial court granted Defendants' motion to dismiss in full pursuant to Mississippi Rule of Civil Procedure 12(b)(6). Because the Bryants' motions for summary judgment addressed a complaint that was later superseded, the appeal from the denial of those motions is dismissed as moot. Because the Bryants' complaint sufficiently stated a claim, the order of dismissal is reversed.

### I. Summary Judgment

¶2. The Bryants appeal the trial court's denial of their four "Plaintiff's Motion[s] for Partial Summary Judgment on Claim[s] 1[,2,4, and 5] of the First Amended Complaint[.]" On April 11, 2024, the Bryants filed their "Second Amended Complaint[.]" The Court has held that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Sledge v. Grenfell Sledge & Stevens, PLLC*, 263 So. 3d 655, 661 (¶ 15) (Miss. 2018) (alteration in original) (internal quotation marks omitted) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). The Bryants' Second Amended Complaint does not adopt or incorporate by reference their First Amended Complaint; therefore, it superseded that pleading. Because the denial of the Bryants' motions for partial

summary judgment was based on a filing that no longer exists, reversal would have no legal effect. The issue on appeal is, therefore, moot.

## II. Order of Dismissal Under Rule 12(b)(6)

¶3. Mississippi is a notice pleading state. ***Doby v. S. Park Vill. Apartments***, 415 So. 3d 602, 604 (¶ 6) (Miss. 2025). Pursuant to Mississippi Rule of Civil Procedure 8(a), a complaint must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and, (2) a demand for judgment for the relief to which he deems himself entitled." ***Doby***, 415 So. 3d at 604 (¶ 6) (internal quotation marks omitted) (quoting M.R.C.P. 8(a)(1)-(2)). "A motion to dismiss under Rule 12(b)(6), as opposed to other devices in civil law, contemplates a high degree of speculation by the reviewing court." ***Child.'s Med. Grp., P.A. v Phillips***, 940 So. 2d 931, 934 (¶ 7) (Miss. 2006)).

¶4. In their complaint, the Bryants allege that Defendants are liable for defamation. To prove defamation involving a public figure, a plaintiff must show (1) a false defamatory statement about the plaintiff, (2) unprivileged publication to a third party, (3) actual malice on behalf of the publisher, and (4) either actionability irrespective of special harm (defamation per se) or the existence of special harm caused by the publication. ***Franklin v. Thompson***, 722 So. 2d 688, 692 (¶ 12) (Miss. 1998). Although in its brief, Mississippi Today contends that the Bryants failed plead actual malice, the Bryants' complaint contains the following allegations (among many others):

> Bryant served Mississippi Today and Wolfe with statutory notice that Wolfe's statements were libelous and demanded an apology, retractions, and corrections. Mississippi Today and Wolfe refused to comply with Bryant's demand and threatened Bryant with abuse of process and frivolous litigation

3

claims. Their threat underscores the *actual malice* of Mississippi Today and its employee-defendants.

. . . .

In a written award announcement published that same day, Ganucheau republished the sentence provided to the Pulitzer committee, but this time with a bit more colorful language. Ganucheau wrote that Wolfe's articles "revealed for the first time how former Gov. Phil Bryant used his office to steer the spending of millions of federal welfare dollars – money intended to help the state's poorest residents – to benefit his family and friends, including NFL Hall of Fame quarterback Brett Favre." Bryant did not use his office to steer the spending of millions of federal welfare dollars to benefit his family and friends, and Wolfe's articles did not reveal that he did. Ganucheau's libelous accusation is consistent with Wolfe's slanderous comment during the radio interview, White's libelous statement in the impact report, and White's slanderous accusation during the panel presentation. Ganucheau's statement is false, libelous, and made with *actual malice*.

. . . .

Wolfe's statement in the September 22, 2023 article and several statements made on April 4, 2022, are false and libelous and were made with *actual malice*. Bryant served Mississippi Today and Wolfe with statutory notice that the statements in the September 22, 2023, article were defamatory and demanded apologies, retractions, and corrections. Predictably, Mississippi Today and Wolfe refused and again threatened Bryant with abuse of process and frivolous litigation claims. This threat underscores their *actual malice*.

. . . .

The defendants' continuing refusals to recant their defamatory remarks and to apologize and correct them highlight their ever-deepening *actual malice*.

. . . .

Mississippi Today's statement in the May 8, 2023, article that "Bryant was set, just days after leaving office, to receive stock in a Favre-affiliated drug company that had received state welfare dollars" and the several statements made in the April 4, 2022, article are false, libelous, and made with *actual malice*.

4

(Emphasis added.) In all, the Bryants' complaint uses the phrase *actual malice* twenty-three times and the word malice twice more. In the context of a Rule 12(b)(6) motion to dismiss, we must take each of the allegations of the complaint as true. ***Rein v. Benchmark Constr. Co.***, 865 So. 2d 1134, 1142 (¶ 24) (Miss. 2004) (citing ***Moore ex rel. City of Aberdeen v. Byars***, 757 So. 2d 243, 246 (Miss. 2000); ***Butler v. Bd. of Supervisors for Hinds Cnty.***, 659 So. 2d 578, 581 (Miss. 1995)).

¶5.     Mississippi Today counters that the allegations of the complaint are contradicted by the Bryants' own text messages and admissions that are either found in the complaint or attached thereto. For example, Mississippi Today points to an April 2022 interview with reporter Anna Wolfe in which Phil Bryant allegedly conceded that he understood why Wolfe was investigating and that his actions did not look good. However, ultimately, trial is the forum to resolve factual inconsistencies and the weight accorded conflicting facts and allegations, not a Rule 12(b)(6) motion to dismiss. ***Doby***, 415 So. 3d at 606 (¶ 11). "A complaint does not prove evidence; it must simply allege a claim that, under some set of facts, could entitle the plaintiff to relief." ***Id.*** (citing ***Bluewater Logistics, LLC v. Williford***, 55 So. 3d 148, 157-158 (Miss. 2011)).

¶6.     Motions to dismiss may not be granted "unless it appears beyond any reasonable doubt that the non movant can prove no set of facts in support of the claim which would entitle them to relief." ***Rein***, 865 So. 2d at 1142 (¶ 24) (citing ***Byars***, 757 So. 2d at 246; ***Butler***, 659 So. 2d at 581). Because the Bryants' complaint alleges "a recognized cause of action upon which, under *some set of facts*, he might prevail[,]" the trial court erred by dismissing the

complaint for failure to state a claim pursuant to Rule 12(b)(6). *Doby*, 415 So. 3d at 605 (¶ 7) (quoting *Phillips*, 940 So. 2d at 934).

## CONCLUSION

¶7. We dismiss as moot the Bryants' appeal of the trial court's denial of their motions for partial summary judgment. The judgment of dismissal by the Madison County Circuit Court is reversed, and the case is remanded for proceedings consistent with our opinion.

¶8. **DISMISSED AS MOOT IN PART AND REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., KING, P.J., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**