United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-50005

_____

FREDRICK PLUET, through Sandra L. Hardeman as next friend and representative of the estate of the deceased

Plaintiff - Appellant,

versus

MARGO FRAZIER, ET AL,

Defendants

MARGO FRASIER, Sheriff; APRIL SMITH, Registered Nurse; DAVID ARTHUR LARSON, Registered Nurse; MARY JO BARNES, Registered Nurse; R GOWER, Registered Nurse; M FITZSIMMONS, #466; K MOORE, #1670; J GOULD, #875; GILLISPIE, Sergeant; DICKMANN, Officer; MILLER, Officer; GONZALES, Sergeant; REDPATH, Sergeant

Defendants - Appellees

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before DAVIS and EMILIO M. GARZA, Circuit Judges, and  LITTLE[*], District Judge.

_____

[*]District Judge for the Western District of Louisiana, sitting by designation.

EMILIO M. GARZA, Circuit Judge:

Fredrick Pluet, deceased, was arrested in Austin, Travis County, Texas and placed in the Travis County Jail on December 26, 1999. Upon his arrival and throughout the rest of the night, Pluet advised the jailers and medical staff that he had swallowed eight rocks of cocaine shortly before his arrest and needed medical attention. No treatment was provided and Fredrick Pluet died from acute cocaine toxicity. Sandra Hardeman is the managing conservator for Kenneth Pluet, a minor child and alleged son of Fredrick Pluet. Hardeman filed suit against multiple members of the Travis County sheriff's department alleging violations of 42 U.S.C. §§ 1981, 1983, and 1988 (the federal Civil Rights Statutes) and various state laws. The defendants offered to settle. As part of the settlement negotiations, the parties agreed that Kenneth Pluet would undergo genetic paternity testing. This testing conclusively demonstrated that Fredrick Pluet was not Kenneth Pluet's biological father. The defendants moved for summary judgment alleging that, in light of the genetic test results, Hardeman did not have standing. The district court found that Hardeman did not have standing to assert the federal claims in her complaint. Based upon that finding, the district court concluded that it lacked jurisdiction over the case, granted defendants' motion for summary judgment, and dismissed Hardeman's complaint without prejudice. Hardeman then filed a motion for new trial, which the district court denied. Hardeman appeals the district court's grant of the defendants' summary judgment motion.[1]

---

[1] Hardeman's notice of appeal only challenges the district court's ruling on the motion for new trial, however, this court will hear the appeal from the district court's grant of defendants' motion for summary judgment in this case. "[I]f from the notice of appeal itself and the subsequent proceedings on appeal it appears that the appeal was intended to have been taken from an unspecified judgment order or part thereof, the notice may be construed as bringing up the unspecified order for review. Such a construction would be particularly appropriate where the order specified is a discretionary order directly relating back to the judgment or order sought to be reviewed." *Elfman*

We review the grant of a motion for summary judgment *de novo*. *Texas Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 156 (5th Cir. 1996). Summary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(c); *Slaughter v. S. Talc Co.*, 949 F.3d 167, 170 (5th Cir. 1991). "When the defendant moves for summary judgment because of lack of standing, however, the plaintiff must submit affidavits and comparable evidence that indicate that a genuine issue of fact exists on the standing issue." *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991) The moving party is not required to negate all elements of the non-moving party's claims, therefore the motion should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (citations omitted).

Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a). Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988. *See Rhyne v. Henderson County*, 973 F.2d 386, 390-91(5th Cir. 1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes); *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961) (looking to Georgia wrongful death and survival statutes to determine standing under the federal Civil Rights Statutes). Hardeman had no standing to sue under the Texas Wrongful Death Statute ("TWDS") or the Texas Survival Statute ("TSS"), and thus has no standing for purposes of

*Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (5th Cir. 1977). In this case, the motion for a new trial is a discretionary order, FED R. CIV. P. 59(a), concerned only with the order granting the motion for summary judgment, and the parties have fully briefed the summary judgment issues.

her federal claims. Hardeman does not have standing in her individual capacity under either the TWDS or TSS because those statutes require certain legal relationships with a decedent, which Hardeman did not have with Fredrick Pluet. Thus, Hardeman's standing to sue under the TWDS or the TSS derives from either Kenneth Pluet or from Fredrick Pluet's estate. For Hardeman to have standing, either Kenneth Pluet had to have standing or Hardeman had to be authorized to pursue claims on behalf of the estate.

Kenneth Pluet does not have standing under the TWDS because he is not the biological child of Fredrick Pluet. The TWDS provides a cause of action for the benefit of surviving children and parents of the deceased. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(a) (Vernon 1997); *see also Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex. 1989) ("Wrongful death benefits attach to those classes of persons identified by the Act who suffer injury as a result of the death; wrongful death benefits do not belong to the decedent's estate."). To recover under the TWDS, an illegitimate child must establish biological paternity by clear and convincing evidence. *See Brown*, 764 S.W.2d at 223; *Garza v. Maverick Mkt., Inc.*, 768 S.W.2d 273, 275-76 (Tex. 1989). The genetic test provided clear and convincing evidence that Kenneth Pluet was not the biological child of Fredrick Pluet. Consequently, Kenneth Pluet does not have standing under the TWDS.

Under the TSS, "[a] personal injury action survives . . . in favor of the heirs, legal representatives, and estate of the injured person." TEX CIV. PRAC. & REM. CODE ANN. § 71.021(b) (Vernon 1997); *see Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). The TSS differs from the TWDS in that the TSS preserves a claim for the estate rather than creating a new cause of action for those surviving the decedent. *See Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 857 (Tex. App.–San Antonio 1997, writ denied) (Rickoff, concurring) (noting that a statutory

survival action differs from a wrongful death action because in a survival action the "recovery represents the injuries the decedent personally suffered"); *Harris County Hosp. Dist. v. Estrada*, 872 S.W.2d 759, 764 (Tex. App.–Houston [1st Dist.] 1993, writ denied) ("The survival action is the estate's claim for personal injuries . . . .").

Unlike the TWDS, Texas does not require a biological relationship to exist between the deceased and the heir as a prerequisite for recovery under the TSS. *Wilson v. Estate of Williams*, 99 S.W.3d 640, 650 (Tex. App.–Waco 2003, no pet.) ("[W]e conclude that [the child] did not need to establish an actual 'biological' link to . . . be entitled to inherit from [his presumed father]."). However, Hardeman failed to present to the district court any argument or evidence sufficient to raise a material issue of fact regarding Kenneth Pluet's standing under the TSS.

Hardeman asserts, in this appeal, that the statement of paternity that Fredrick Pluet executed in 1996 is sufficient to establish Kenneth Pluet as Fredrick Pluet's heir for purposes of the TSS under section 42(b) of the Texas Probate Code, TEX. PROB. CODE ANN. § 42(b) (Vernon 1999). This argument, however, was not made to the district court. We will not disturb the district court's judgment based upon an argument presented for the first time on appeal. *See Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002). A party raising an issue on appeal must have raised it before the district court "to such a degree that the trial court may rule on it." *Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993).[2] Thus, Hardeman failed to establish that Kenneth Pluet

_____

[2] Hardeman did argue to the district court, in her motion for a new trial, that the 1996 statement of paternity established paternity for purposes of Texas family law. However, the district court did not have sufficient opportunity to consider this argument in its summary judgment ruling because it was not presented to the district court until after the entry of final judgment. "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments, which could, and should, have been made before the judgment issued. Morever, they cannot be used to

had standing under the TSS.

In addition to claiming standing as a representative of Kenneth Pluet, Hardeman also claims she had standing as a representative of Fredrick Pluet's estate itself. Although Fredrick Pluet's estate would have standing under the TSS to pursue his 28 U.S.C. § 1983 claims, at the time she filed her complaint, Sandra Hardeman was not the administrator of Fredrick Pluet's estate. Hardeman filed her initial complaint and her amended complaint as "the guardian of Kenneth Jerome Pluet, the son and only heir of Fredrick Jerome Pluet." However, the complaint also provided that Hardeman was "suing on behalf of the estate of Fredrick Jerome Pluet and representing the only living heir of Fredrick Jerome Pluet," and that she "files this lawsuit as next friend and on behalf of the estate of Fredrick Jerome Pluet." Although Hardeman now claims to represent all of Fredrick Pluet's heirs, including his mother, Hardeman did not include any of these parties in her complaint and did not demonstrate that she had authority to file a complaint on behalf of any alleged heir other than Kenneth Pluet. Additionally, although the complaint alleged that Hardeman was filing on behalf of Fredrick Pluet's estate, Hardeman did not file the necessary motion to be named the administrator of Fredrick Pluet's estate until August 8, 2002) ) after receiving the results of the paternity test and almost eight

---

argue a case under a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Furthermore, executing a statement of paternity has different effects under Texas family law and Texas probate law. *See Seyffert v. Briggs*, 727 S.W.2d 624, 627 (Tex. App.–Texarkana 1987, writ ref'd n.r.e.) (noting that the purpose served by a statement of paternity and the effect of the statement's execution differ between the Texas Family Code and the Texas Probate Code). Hardeman never discussed the effect of the 1996 statement of paternity under the Texas Probate Code in her motion for a new trial. Thus, even if the family law argument had been timely raised, Hardeman's legal argument, based upon the Texas Probate Code, is still an entirely new legal theory raised for the first time on appeal and is accordingly waived.

months after filing her complaint.[3]  Consequently, Hardeman did not have the authority to file a complaint on behalf of the estate at the time she filed her initial and amended complaints. *See Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1288 (5th Cir. 1992) (requiring a plaintiff to demonstrate that she has standing to sue at the time her complaint is filed).

Hardeman failed to raise any genuine issue of material fact regarding Kenneth Pluet's standing, and she has shown no other basis to claim standing in this case.  The district court judgment granting the defendants' motion for summary judgment and dismissing this cause of action without prejudice is AFFIRMED.

---

[3]Hardeman relies on *Lovato v. Austin Nursing Ctr., Inc.*, 113 S.W.3d 45 (Tex. App.–Austin, 2003, no pet.), to argue that her subsequent application to be the administrator of Fredrick Pluet's estate relates back to her original complaint filed on behalf of Kenneth Pluet as sole heir. *See Id.* at 56. *Lovato*, however, is distinguishable from this case.  In *Lovato*, the party seeking to relate back was already one of the heirs to the estate and had standing as such. *Id.* at 53-54.  Furthermore, in *Lovato* the party actually became the administrator of the estate and amended her complaint to reflect that fact. *Id.*  In this case, Hardeman did not have standing at the time of her complaint, did not apply to become the administrator of the estate until after learning the results of Kenneth Pluet's paternity test, and never amended her complaint to show that she was bringing the action as the administrator of the estate.  A party must have standing at the time the complaint is filed.  *See Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1288 (5th Cir. 1992).  Hardeman did not meet that requirement.