# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2014

Lyle W. Cayce
Clerk

CALLOU CORPORATION,

Plaintiff–Appellant

v.

3600 ALVAR, L.L.C.; AGGREGATE & RECYCLED MATERIAL, L.L.C.,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-45

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Justice Holmes said, "General propositions do not decide concrete cases."[1]  Well, in this case, our general rule of waiver does.  The underlying dispute in this case is over who owns a pile of 20,000 tons of recycled processed concrete lingering in a yard at 3600 Alvar Street, New Orleans, Louisiana.  Plaintiff–Appellant Callou Corporation ("Callou") asserts it is entitled to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Lochner v. New York*, 198 U.S. 45, 75 (1905) (Holmes, J., dissenting).

No. 13-31133

concrete under an agreement it had with Clifford Smith, the owner of Defendant–Appellee 3600 Alvar, L.L.C. ("3600 Alvar").  Smith later declared bankruptcy, and the bankruptcy trustee allegedly sold the concrete to Defendant–Appellant Aggregate & Recycled Material, L.L.C. ("Aggregate"). Callou filed a declaratory judgment action against 3600 Alvar and Aggregate seeking a court order declaring that the concrete belongs to Callou and authorizing Callou to remove the concrete from 3600 Alvar Street.  The district court granted 3600 Alvar and Aggregate's ("Defendants") motion for summary judgment and entered final judgment.  We affirm.

## I.    BACKGROUND

The facts in this case are essentially undisputed.  In 2010, Callou agreed to loan Clifford Smith $20,000; in exchange, Smith agreed to transfer ownership of 20,000 tons of processed recycled concrete to Callou.  They memorialized their agreement in a written contract which said, in pertinent part: "in consideration of Callou writing $20,000 for deposit on said equipment, Smith transfers immediately to Callou 20,000 tons of processed recycled concrete.  Callou will have the choice of Smith's locations from which to take the concrete such as Smith's Almonaster or Alvar yards in New Orleans." Callou also filed a UCC-1 financing statement in which Callou listed itself as the "creditor" and Smith as the "debtor," and described the collateral as "20,000 tons of processed concrete."

Callou never collected the concrete.

In 2012, Smith filed for bankruptcy.  Aggregate purchased concrete and rock aggregate from the trustee of Smith's bankruptcy estate.  Callou alleges this concrete is located in Smith's yard at 3600 Alvar Street, New Orleans, and belongs to Callou.

2

No. 13-31133

Callou sued in federal court seeking a judgment declaring that Callou is the owner of the concrete and authorizing Callou to remove the concrete from the yard at 3600 Alvar Street.

The Defendants together moved for summary judgment arguing, *inter alia*, that even if the agreement was a valid contract for sale, ownership never transferred. The Defendants argued this was so because the agreement sold the concrete "by weight"—i.e., "Smith transfers . . . 20,000 tons of processed recycled concrete"—and under Louisiana law, ownership does not transfer when things are sold "by weight" unless and until the owner "weighs, counts, or measures the thing." *See* La. Civ. Code art. 2458.[2] Because the concrete was never weighed, the Defendants argued, ownership had never transferred to Callou.

Before the district court, Callou did not file an opposition to the Defendants' motion for summary judgment. Review of the record reveals that Callou presented only one argument to the district court, and that argument was in its cross-motion for summary judgment. The entirety of Callou's only argument before the district court is as follows. Callou averred, "it is undisputed that Callou is the owner of the 20,000 tons" of concrete, and argued "[a]s such, there is no genuine issue of material fact as all parties agree that Callou is the owner of the 20,000 tons of [concrete] in question, and therefore, Callou is entitled to judgment as a matter of law."

The district court granted summary judgment for the Defendants and denied Callou's cross-motion for summary judgment. The court concluded Callou and Smith had a valid contract that intended to transfer ownership of the 20,000 tons to Callou, but found that the concrete was sold under the

---

[2] Article 2458 provides: "When things are sold by weight, tale, or measure, ownership is transferred between the parties when the seller, with the buyer's consent, weighs, counts or measures the things." La. Civ. Code art. 2458.

contract "by weight" within the meaning of Louisiana Civil Code article 2458. The court explained that the agreement sold the concrete "by weight" because the contract "provided for immediate transfer of 20,000 tons of concrete but [Callou] was allowed to make up this amount by taking it from any one of Smith's several yards. There was no designated pile or specific yard . . . . There was no container . . . that contained all of [Callou's] concrete." The court concluded that, because the concrete had never been weighed, ownership did not transfer to Callou, and Callou did not own the concrete.

The district court entered judgment for the Defendants, and Callou timely appealed.

## II. DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's final judgment. We review a grant of summary judgment de novo. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *See Coleman*, 113 F.3d at 533. Even so, conclusory allegations will not defeat a properly supported motion for summary judgment. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003) (citing Fed. R. Civ. P. 56(e)).

On appeal, Callou argues the district court erred by granting the Defendants' motion for summary judgment for three reasons: (1) weighing the concrete was unnecessary to transfer ownership under industry custom; (2) the sales agreement, properly interpreted, evinces the parties' intent to create a joint business venture not a sale by weight; and (3) "equity requires that Callou be declared the owner" because Callou "never received any benefit of their

bargain." The Defendants contend "all of the arguments raised by Callou in it[s] [Opening] Brief are entirely new, and were never presented to or considered by the District Court." They argue Callou has therefore waived these arguments. We agree.

"Under this Circuit's general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'" *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009).[3] "Extraordinary circumstances" exist only if the appellant establishes "the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996).

Review of the record in this case reveals that Callou did not present the arguments it now asserts on appeal to the district court. In its complaint, Callou asserted only that it owned the 20,000 tons of concrete "[u]nder the terms of the Agreement." The Defendants argued in their motion for summary judgment that Callou was not the owner of the 20,000 tons of concrete because it "was never weighed by the parties," and they specifically cited Louisiana Civil Code article 2458, the provision on which the district court's decision ultimately relied. Thus, Callou was on notice of this argument; even so, Callou declined to file an opposition to the Defendants' summary judgment motion. Callou did file a cross-motion for summary judgment, but even there, Callou did not raise the arguments it now presses on appeal. Because these

---

[3] *See also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[T]he general rule . . . that a federal appellate court does not consider an issue not passed upon below . . . is 'essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues and in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.'" (citation and alterations omitted) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

No. 13-31133

arguments were not made to the district court, they are presented for the first time on appeal, and we "will not disturb the district court's judgment" on these grounds. *Pluet v. Frasier*, 355 F.3d 381, 384–85 (5th Cir. 2004).

Callou did not file a reply to the Appellees' brief and, therefore, did not elect to respond to the Defendants–Appellees' waiver argument; however, Callou did file a response to the Defendants–Appellees' Federal Rule of Appellate Procedure ("Rule") 38 motion for sanctions and costs.[4]  Therein, Callou does not argue or otherwise establish "extraordinary circumstances" exist allowing us to consider its waived arguments.  Instead, Callou responds that its various arguments on the sale-by-weight issue are properly before us on appeal because the sale-by-weight issue was, as a general matter, "explicitly discussed in the district Court's Order and Reasons," such that "it is part of the record . . . available for discussion on appeal."  Callou misconstrues our waiver rule.  The onus is on the appellant to press a particular *argument* before the district court so that the district court has a "sufficient opportunity to consider this argument"; just because the district court discusses an issue as a general matter in its ruling does not mean the court had an opportunity to consider that particular argument. *Pluet*, 355 F.3d at 385 n.2.  In sum,  Callou seeks to try the sale-by-weight issue "anew because it has discovered [several] more attractive theor[ies]," and this we do not allow. *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 909 (5th Cir. 1987).

## III.    CONCLUSION

For the reasons stated above, we will not consider Callou's arguments raised for the first time on appeal.  Therefore, we AFFIRM.

Appellees also filed a motion under Rule 38, in which they argue Callou's appeal is frivolous, seeking damages.  Although, for the reasons stated above,

---

[4] The Appellees' Rule 38 motion is discussed *infra* at Part III.

6

the appeal is without merit, we do not find it "entirely devoid of colorable merit." *See Coghlan v. Starkey*, 852 F.2d 806, 811–12 (5th Cir. 1988) (awarding damages under Rule 38 on account of appellant's "conclusory assertions of an alleged right in an appellate brief that cites only two cases, and fails to explain even those two."). Therefore, Appellees' Rule 38 motion is DENIED. However, because the judgment of the district court is affirmed, costs are taxed against Callou consistent with Rule 39(a)(2).