# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2014

Lyle W. Cayce
Clerk

BETTE KING, on behalf of Jennifer C. Chaney,

Plaintiff-Appellant

v.

TEXAS MEDICAL BOARD; PETER CHANG, Medical Doctor; TIMOTHY WEBB, Medical Doctor; IRVIN ZEITLER, JR., Doctor of Osteopathic Medicine; SHARON BARNES; MARI ROBINSON; LEE BUKSTEIN; GEORGE WILLEFORD, Medical Doctor; NANCY SELIGER; CHRISTOPHER M. PALAZOLA; WILLIAM H. FLEMING, III, Medical Doctor; MELISSA TONN, Medical Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-338

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Bette King, appearing pro se, appeals the magistrate judge's judgment dismissing her civil rights complaint for lack of subject matter jurisdiction based on her lack of standing to file suit on behalf of her deceased daughter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40616

Jennifer C. Chaney.  King challenges the finding that she lacked standing to sue on her daughter's behalf, pointing out that the magistrate judge allowed her to file an amended complaint and that she had obtained the permission of her deceased daughter's husband to file the complaint against the members of the Texas Medical Board.

This court reviews a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) de novo.  *William v. Wynne,* 533 F.3d 360, 364 (5th Cir. 2008).  Standing must be shown to provide an Article III court with subject matter jurisdiction over the case.  *K.P. v. LeBlanc*, 729 F.3d 427, 436 (5th Cir. 2013).  A party must have standing under the state's wrongful death or survival statutes to bring a claim under 42 U.S.C. § 1983.  *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004); *Rhyne v. Henderson County*, 973 F.2d 386, 390-91 (5th Cir. 1992).  In order for King to bring a survival action on behalf of her daughter or her estate, Texas law requires proof that King is the administrator of her daughter's pending estate or, if the administration of the estate is unnecessary, that she is an heir of the estate. *Mayhew v. Dealey*, 143 S.W.3d 356, 370 (Tex. App. 2004).  Under state law, if King's daughter died intestate, her heirs are her spouse and children.  TEX. EST. CODE ANN. §§ 201.002, 201.003.  King has not provided any evidence whether her daughter died testate or intestate or whether her estate is under administration or will be administered.  Further, King has not shown that she is a rightful heir.  Thus, she has not shown that she has standing to bring a survival action on behalf of her daughter or her estate.  The district court's dismissal of King's claim brought on behalf of her daughter's estate for lack of subject matter jurisdiction is affirmed.  FED. R. CIV. P. 12(b)(1).

In addition to her claims on her daughter's behalf, King alleged that she had been emotionally and financially harmed by the death of her daughter.

No. 13-40616

Under Texas law, the parents of the deceased may bring a wrongful death action for the loss of support and companionship of their adult child. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004. King may have standing to file suit for her personal losses. However, although King characterizes her claims as being constitutional in nature, her complaint and other pleadings allege that the Board members were negligent in failing to exercise their duty of ordinary and reasonable care owed to her daughter. In her briefs, she complains that the Board was negligent in failing to impose sufficient sanctions upon her daughter's doctor to prevent him from engaging in his medical practice. Mere negligence is not sufficient to prove a substantive due process claim. *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002). King's allegations that the disciplinary action taken by the Board against her daughter's doctor in 1999 was not sufficiently stringent to prevent her daughter's death in 2008 did not reflect that the Board members engaged in egregious or arbitrary conduct that would support a substantive due process claim. *Id.* at 326. If King has standing to make a wrongful death claim, her complaint is still subject to dismissal for failure to state a valid constitutional claim. *Id.* at 325-26.

The district court's judgment is AFFIRMED with respect to the dismissal of King's claim brought on behalf of her daughter or her estate based on a lack of subject matter jurisdiction. Insofar as King sought relief for her personal losses, the dismissal is AFFIRMED, but it is MODIFIED so as to be a dismissal of King's personal claim based on her failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).