# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10032
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2014

Lyle W. Cayce
Clerk

LEO WATSON; DORA WATSON,

Plaintiffs–Appellants

v.

AURORA LOAN SERVICES, L.L.C.; AURORA LOAN SERVICES
INCORPORATED,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 4:11-CV-301

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

The dispute in this mortgage case is over Defendants–Appellees Aurora
Loan Services, L.L.C., and Aurora Loan Services Inc.'s (collectively "Aurora")
foreclosure on the Plaintiffs–Appellants Leo and Dora Watson's (collectively
"the Watsons") home.  The Watsons appeal the district court's decision
granting Aurora's motion for summary judgment on the Watsons' Federal Debt
Collection Practices Act ("FDCPA") claims.  The Watsons raise two issues on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

appeal.  First, the Watsons argue there was a genuine issue of material fact precluding summary judgment.  The Watsons point to Aurora's summary judgment filings in which Aurora erroneously identified April 14, 2011 as the date Aurora sent notice of the foreclosure sale.  In fact, Aurora sent the notice on March 13.  Aurora corrected this error in supplemental briefing before the district court.   But on appeal, the Watsons characterize the initial misstatement as a binding "judicial admission."  Second, the Watsons argue the district court misconstrued their request for an accounting as a request for an equitable remedy.  The Watsons contend this request was, instead, a separate claim for a declaratory judgment under Texas law.  Aurora responds arguing *inter alia* that the Watsons waived these two issues because they did not present either argument to the district court.  After careful review of the record and the applicable law, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following factual background is essentially undisputed.   The Watsons defaulted on their home loan.  Instead of foreclosure, the Watsons discussed a loan modification with their mortgage holder, Aurora.  In October 2010, the Watsons and Aurora agreed to a loan modification.  Under the terms of the agreement, the Watsons agreed to pay $6,000 up front to Aurora and to make five monthly payments.  Aurora agreed not to foreclose.  The Watsons missed the third payment, and Aurora initiated foreclosure proceedings.

## A.    Aurora's Debt-Collection Efforts

The Watsons' FDCPA claims at issue in this appeal turn on Aurora's efforts to collect the debt and foreclose on the Watsons' home.  On appeal, the Watsons contend Aurora sent notice and posted the Watsons' home for foreclosure sale after the Watsons disputed the debt in violation of the FDCPA. Under the FDCPA, a debt collector must cease collection efforts as soon as the consumer informs the debt collector in writing that the consumer disputes the

No. 13-10032

debt. 15 U.S.C. § 1692g(b). Thus, timing is key. It is undisputed that on March 13, 2011, Aurora sent notices of foreclosure sale scheduled for April 5, 2011. Eleven days later, on March 24, 2011, the Watsons disputed the debt.

**B.    District Court Proceedings**

The Watsons sued Aurora in Texas state court asserting various claims for violations of Texas law and the FDCPA, and Aurora removed the case to federal court on diversity grounds. In its initial motion for summary judgment, Aurora erroneously said it sent notice of the foreclosure sale on April 14, 2011 when, in fact, it sent the notice on March 13, 2011. The district court initially denied the motion, reasoning that by sending the notice of foreclosure *after* the Watsons disputed the debt, there existed a genuine dispute of material fact. The court then asked for supplemental briefing whether Aurora was a "debt collector" within the meaning of the FDCPA.

Aurora filed a supplemental brief clarifying that it sent the notice of foreclosure sale *before* the Watsons disputed the debt—on March 13, 2011. This time, the district court granted Aurora's motion for summary judgment against the Watsons on all claims. The Watsons timely appealed. They only appeal the district court's grant of summary judgment on their FDCPA claims and their claim requesting an accounting.

## II.    DISCUSSION

The district court had diversity jurisdiction under 28 U.S.C. § 1332, and this Court has jurisdiction to review the final judgment of the district court under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Auguster v. Vermilon Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all facts in the light most

favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *See Auguster*, 249 F.3d at 402.

On appeal, the Watsons argue the district court erred by granting Aurora's motion for summary judgment for two reasons: (1) Aurora judicially admitted that it posted the Watsons' property for foreclosure sale on April 14, 2011 in its motion for summary judgment, and (2) the Watsons' request for an accounting was actually a separate claim under the Texas Uniform Declaratory Judgment Act. Aurora counters the Watsons' arguments on appeal "are completely different than their arguments before the district court." Aurora argues the Watsons have therefore waived these arguments. We agree.

"Under this Circuit's general rule, arguments not raised before the district court are waived and will not be considered on appeal unless the party can demonstrate 'extraordinary circumstances.'" *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009).[1] "Extraordinary circumstances" exist only if the appellant establishes "the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996).

Review of the record in this case reveals that the Watsons did not present the arguments they now assert to the district court. In opposition to Aurora's initial motion for summary judgment, the Watsons did not argue that Aurora judicially admitted to notifying the Watsons about the foreclosure sale after

---

[1] *See also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[T]he general rule . . . that a federal appellate court does not consider an issue not passed upon below . . . is 'essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues and in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.'" (alterations and citation omitted) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

the Watsons disputed the debt. The district court *sua sponte* noticed the erroneous date and denied summary judgment, at least at first. The district court said, "it appears that Defendant, on April 14, 2011, filed a Notice of Accelerations and Notice of Trustee's sale"—based on the mistake in Aurora's motion for summary judgment. Aurora filed a supplemental brief correcting this mistake. The Watsons responded, but they did not dispute this fact or otherwise argue Aurora judicially admitted to sending the notice on April 14, 2011. Instead, they said, "It is undisputed that on March 13, 2011 Defendant sent Plaintiffs a Notice of Foreclosure." The Watsons also filed a motion for reconsideration in which they again reiterated it was "undisputed" that "Defendant sent Plaintiffs a Notice of Foreclosure Sale dated March 13, 2011." Because these judicial-admission arguments were not made to the district court, they are presented for the first time on appeal, and we "will not disturb the district court's judgment" on these grounds. *See Pluet v. Frasier*, 355 F.3d 381, 385 (5th Cir. 2004).

For the same reason, we reject the Watsons' argument that their request for an accounting was actually a separate claim under the Texas Uniform Declaratory Judgment Act. This argument was also not fairly presented to the district court. In response to Aurora's motion for summary judgment, the Watsons argued only that they were entitled to an accounting under section 809(b) of the FDCPA and under section 6 of the Real Estate Settlement Procedures Act ("RESPA"). The district court rejected this argument because the Watsons never asserted a RESPA claim in their complaint, and because Aurora was entitled to summary judgment on the FDCPA claims, as discussed above. Moreover, in their reply brief, the Watsons do not identify extraordinary circumstances that would permit us to consider their waived arguments. In sum, the Watsons seek to try the accounting issue and FDCPA claim "anew because [they have] discovered . . . more attractive theor[ies]," and

No. 13-10032

this we do not allow. *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 909 (5th Cir. 1987).

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM.