# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2017

Lyle W. Cayce
Clerk

WAYNE WALKER, as Administrator of the Successions of Arnette Calhoun
Spells, Sr. and Arnette Calhoun Spells, Jr.,

    Plaintiff - Appellant

v.

NEW ORLEANS CITY,

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-3823

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

The opinion issued July 13, 2017 is withdrawn, and the following is substituted therefor:

Plaintiff–Appellant Wayne Walker, as administrator of the successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr., appeals the district court's dismissal of his 42 U.S.C. § 1983 claim for lack of standing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31229

Walker sued the City of New Orleans after it imposed fines for code violations by a property owned by the Spellses and ordered the property demolished. We AFFIRM.

This dispute centers on property located on Baronne Street in New Orleans. The record owners of the property are Arnett Calhoun Spells, Sr. and Arnett Calhoun Spells, Jr., despite the fact that the Spellses died in 1998 and 2008, respectively. After an inspection of the property revealed numerous city code violations, the City scheduled an administrative hearing regarding the violations for August 14, 2014. The City sent notice of the hearing via certified mail to the Spellses, the owners of record, as required by city code, but the notice was returned as undeliverable (unsurprisingly, given that the Spellses were deceased). At the hearing, where no representatives of the property appeared, the City levied $3,300 in fines for the various code violations (with the possibility of additional fines of $500 per day for up to one year), along with $155 in fees. The hearing officer also ordered the property demolished.

A year later, on August 27, 2015, four individuals purporting to be the "presumptive heirs" of the Spellses filed this suit under § 1983 against the City, claiming that the hearing judgment deprived them of property without due process, rendering the judgment "an absolute nullity." Although the suit was initially brought in the names of these four individuals, they were later substituted by one plaintiff: Wayne Walker, in his capacity as Administrator of the Successions of Arnette Calhoun Spells, Sr. and Arnette Calhoun Spells, Jr. (the succession administrator).

On October 3, 2016, the district court granted the City's motion to dismiss under Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction because it concluded that the succession administrator did not have standing to bring the § 1983 claim. The succession administrator moved

for reconsideration, which the district court also denied. The succession administrator timely appeals.

The succession administrator argues on appeal that he has standing, and thus, the district court erred in dismissing his claim. We review a district court's dismissal de novo and may affirm it on any basis supported by the record. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017); *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013). The succession administrator brought this suit under § 1983. Standing to bring a § 1983 claim "is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in [§ 1983's] administration." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). Thus, in order to have statutory standing to bring a § 1983 claim on behalf of another, a plaintiff "must have standing under the state wrongful death or survival statutes." *Id.* If a plaintiff does not have statutory standing, he lacks a cause of action, *see Malvin v. Dulluniversita*, 840 F.3d 223, 229–30 (5th Cir. 2016), and the action should be dismissed under Federal Rule of Procedure 12(b)(6), *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6).").

Applying these principles, the succession administrator does not have standing to bring this § 1983 suit and thus lacks a cause of action. Under Louisiana law, a succession administrator lacks standing to bring a wrongful death action. *See* La. Civ. Code Ann. art. 2315.2 (listing the persons who may bring a wrongful death action, which does not include a succession administrator). Accordingly, the succession administrator lacks statutory standing to bring this § 1983 action and thus does not have a cause of action. Although the district court dismissed on the basis of lack of subject matter

No. 16-31229

jurisdiction, we affirm because dismissal was nevertheless proper under Rule 12(b)(6).

The succession administrator's arguments to the contrary are meritless because they overlook the fact that the sole named plaintiff in this case is the succession administrator. The succession administrator argues that the presumptive heirs need not rely on his standing to bring a wrongful death action because the presumptive heirs have standing in their own right, given that their property was taken. However, the individual presumptive heirs are no longer named as plaintiffs in this case; thus, whether they have standing to bring suit is not relevant. The succession administrator appears to argue that the succession administrator being the named plaintiff is a mere technicality because a judgment of possession has not yet been rendered, but we abide by the principle that the only parties to an action are those listed in the caption.[1] *See* Fed R. Civ. P. 10(a) (requiring all parties' names to appear in caption). Because the sole plaintiff named in the caption, the succession administrator, lacks standing, this action was properly dismissed.[2] The judgment of the district court is AFFIRMED.

---

[1] We note that the succession administrator at no point moved to resubstitute the original four individual plaintiffs as the plaintiffs in this case.

[2] Because we affirm the district court's dismissal on this basis, we do not address the succession administrator's other arguments.