[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10202

Non-Argument Calendar

_____

EDWARD DANE JEFFUS,

                                                Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,
WARDEN, EVERGLADES CI,

                                                Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24837-JLK

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Edward Jeffus, who is a former state prisoner and currently serving a federal sentence after the revocation of his supervised release, appeals the district court's dismissal of his *pro se* petition for habeas relief, filed pursuant to 28 U.S.C. § 2241, for lack of jurisdiction. In the instant § 2241 petition -- which Jeffus filed in 2019 and follows several dozen actions or appeals Jeffus has already filed, including prior actions under 28 U.S.C. §§ 2241, 2254 and 2255 -- Jeffus raises many of the same issues that have already been addressed and disposed of by the courts. In this appeal, Jeffus argues, through counsel, that the district court erred in determining that it lacked jurisdiction over this petition because he raised his instant claims pursuant to § 2241, through 28 U.S.C. § 2255(e)'s "saving" clause, and thus his claims should not have been dismissed as successive. After thorough review, we affirm.

Whether a prisoner may bring a § 2241 petition under the saving clause of § 2255(e) is a question of law reviewed *de novo*. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). The applicability of § 2255(e)'s saving clause is a threshold jurisdictional issue. *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1283 (11th Cir. 2016).

When reviewing the denial of a habeas petition, we will not consider issues or arguments raised for the first time on appeal. *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009).

Similarly, an issue not raised in an opening brief on appeal generally is deemed abandoned and we will address it only in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir.) (*en banc*) (criminal appeal), *cert. denied*, 143 S. Ct. 95 (2022). A party fails to adequately brief a claim when he does not plainly and prominently raise it, by, for example, devoting a discrete section of his argument to that claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014). Abandonment can also occur when the passing references to a claim or issue are made in the "statement of the case" or "summary of the argument" sections, are mere background to the appellant's main arguments, or are buried within those arguments. *Id*. at 681–82.

A federal prisoner must file a motion to vacate, pursuant to 28 U.S.C. § 2255, to collaterally attack the legality of his sentence. *McCarthan*, 851 F.3d at 1081. A motion to vacate allows a prisoner to contest his sentence on the ground that his sentence was unconstitutional or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a prisoner may generally file only one § 2255 motion. When a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from the appellate court before filing a second or successive § 2255 motion. 28 U.S.C. § 2255(h). Absent the appellate court's permission, the district court lacks jurisdiction to address the motion and must dismiss it. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

A state prisoner, by contrast, who is "in custody pursuant to the judgment of a State court," may seek post-conviction relief in the federal courts under 28 U.S.C. § 2254. But just like federal prisoners, a state prisoner who wishes to file a second or successive habeas corpus petition under § 2254 must move the court of appeals for an order authorizing the district court to consider such a petition. 28 U.S.C. § 2244(b)(2), (b)(3)(A). Without this authorization, the district court lacks jurisdiction. *Lambrix v. Sec'y, Dep't of Corr.*, 872 F.3d 1170, 1180 (11th Cir. 2017). Habeas actions that are dismissed as time-barred by the AEDPA's one-year limitation period are considered to have been dismissed with prejudice and count as a previously filed petition. *See, e.g.*, *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (describing an application as "successive" where the petitioner's first habeas action had been dismissed "with prejudice" as untimely).

Under § 2241, a prisoner may receive habeas relief if he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 provides a limited basis for habeas actions for federal prisoners in that it allows prisoners to attack the execution of a sentence rather than the sentence or conviction themselves. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1, 1352 (11th Cir. 2008); *McCarthan*, 851 F.3d at 1092–93. A federal prisoner may attack his convictions and sentences through § 2241 under the "saving" clause of § 2255 if a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 475–76 (2023).

Thus, in determining whether a prisoner satisfies the saving clause, we ask whether a § 2255 motion is an adequate procedure to test the prisoner's claim, considering whether the prisoner could have brought that claim in a § 2255 motion. *McCarthan*, 851 F.3d at 1086–87. The saving clause permits a federal prisoner to proceed under § 2241 when, for example, he is: (1) "challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations"; (2) the sentencing court was unavailable; or (3) "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." *Id.* at 1092–93. A petitioner bears the burden of demonstrating eligibility under the saving clause of § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[1]

In determining whether a § 2255 motion would be inadequate or ineffective, the key consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. *McCarthan*, 851 F.3d at 1086–87. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or subject to a procedural bar. *Id.*; *see also Jones*, 599 U.S. at 480–81 ("[T]he saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* . . . not any court's asserted errors of law."). That a court might reject a prisoner's argument does not render his remedy by

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

motion an inadequate means by which to challenge the legality of his sentence. *McCarthan*, 851 F.3d at 1086. The remedy by motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim. *Id*. at 1088. In *Jones*, the Supreme Court affirmed that the purpose of § 2255(e) is narrow and does not provide an end-run around § 2255(h)'s bar on second or successive § 2255 motions. 599 U.S. at 479–80.

In this case, the district court did not err in dismissing Jeffus's § 2241 petition because Jeffus did not make any arguments in his initial petition that conferred the district court with jurisdiction over it under § 2255(e). According to his brief on appeal, the claims Jeffus seeks to raise are that: (1) the state and federal courts have refused to entertain his argument that the officer at his traffic stop illegally prolonged the stop in violation of the Constitution (Ground 1 in his petition); (2) the federal court refused to entertain his argument that the officer seized evidence without sufficient "judicial authority" (Ground 2 in his petition); and (3) his total state and federal sentences exceeded the maximum, violated the U.S. Sentencing Guidelines, and were improperly calculated by prison authorities (Ground 4 in his petition).[2] However, under our *en banc* decision in *McCarthan*, neither Ground 1 nor Ground 2 -- both of which challenge the constitutionality of the searches underlying his convictions -- can proceed through § 2255(e)'s saving clause

---

[2] On appeal, Jeffus, through counsel, concedes that he does not seek reversal under Ground 3, so he has abandoned this issue and we will not consider it. *See Campbell*, 26 F.4th 872–73.

because they could have been raised in a § 2255 motion or a § 2254 petition.  Likewise, to the extent he seeks -- in Ground 4 -- to argue that the sentences imposed by the federal and state courts were too long, these are the kinds of claims he could have brought (and has brought) through either a § 2255 motion or § 2254 petition. Though Jeffus attempts to frame these claims otherwise, they fundamentally attack the validity of both his federal and state convictions and sentences, and therefore cannot be raised through the saving clause of § 2255(e).

Nor do we find any merit to Jeffus's challenges to *McCarthan* and its progeny, all of which our Court has already rejected -- including his argument that the dismissal of his previous post-conviction filing as time-barred should not have been considered an adjudication on the merits and with prejudice.  *See, e.g.*, *McCarthan*, 851 F.3d at 1085–86, 1099–1100; *Jordan*, 485 F.3d at 1353.  In short, the claims he's raised that challenge his federal conviction and sentence amount to an improper successive § 2255 motion, and the claims he's raised challenging his state conviction and sentence amount to an improper successive § 2254 petition.  The district court thus did not err in dismissing these claims as successive.

Lastly, to the extent Jeffus argues on appeal that jurisdiction exists under the saving clause because he also challenges, in Ground 4, the application of good-time credits to his sentence, Jeffus did not raise this claim in the district court.  In Ground 4 of his petition, he challenged the imposition of his state sentence to run consecutively to his federal sentence, not the application of good-

time credits to his federal sentence.[3]  Indeed, his sole potential reference to good-time credits in his 2019 § 2241 petition appears when he said that his "total sentence exceed[ed] the maximum, violate[d] the Guidelines, and [was] improperly calculated by prison authorities," and, among other allegations, that "[t]he federal sentence expired prior to the transfer of custody in light of U.S.S.G. § 1B1.10(e)(1) and 18 U.S.C. [§] 3624(b) as amended by the First Step Act."

But despite this language, Jeffus never specified how his sentence was "improperly calculated" in light of the good-time credits nor how the First Step Act, which passed several years after the expiration of his federal sentence, rendered the prior calculation improper. *Sapuppo*, 739 F.3d at 681–82.  Nor did Jeffus say that his good-time credits were miscalculated or misapplied -- amounting to the "42.7-month error" he now claims -- in any other filings in the district court.  Jeffus's reply brief on appeal loosely claims that he raised the issue in his objections to the magistrate judge's Report and Recommendation when he "challenged alleged errors in

---

[3] In district court, Jeffus argued that his challenge -- in Ground 4 -- to the imposition of his state sentence to run consecutively to his federal sentence implicated the saving clause because it was a challenge to the sequential execution, rather than the imposition of the sentence itself, that rendered his sentence impermissibly long.  However, Jeffus has abandoned this line of argument entirely on appeal; as we've noted, he now says Ground 4 is challenging the application of good-time credits to his federal sentence.  As a result, we will not address the issue he raised as Ground 4 in district court -- i.e., whether § 2255(e) is implicated by the imposition of Jeffus's state sentence to run consecutively to his federal sentence. *See Sapuppo*, 739 F.3d at 681–82.

'counting good time earned.'" But in those objections, he said only that after the First Step Act reduced his sentence and "counting good time earned, [his] federal sentence expired" two days before he was actually transferred to state custody. He never said his good-time credits were miscalculated, much less that they were miscalculated by nearly four years. Therefore, because Jeffus raises the argument as to the calculation of his good-time credits for the first time on appeal, we decline to consider it. *See Ferguson*, 580 F.3d at 1193.

Nor is this the kind of jurisdictional argument that can be raised at any time and that we must consider *sua sponte*. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are therefore "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking," *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (quotations omitted), so a party may raise the objection that a federal court lacks subject-matter jurisdiction at any time, including on appeal, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). However, the flipside of this principle is that "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

A party who fails to carry his burden before the district court -- even as to a jurisdictional question -- cannot belatedly cure this failure on appeal. Thus, for example, we have "decline[d] the invitation to exercise [diversity] jurisdiction" on a basis a defendant did not raise in its notice of removal in district court. *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003). As we explained there, the defendant "had the burden to plead [a proper] basis in its notice of removal, and it did not." *Id*. Similarly, we've declined to hold that a plaintiff has standing based on grounds raised only on appeal. *See Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (declining to consider a new standing argument "broached for the first time on appeal" because "[w]e may not speculate concerning the existence of standing or piece together support for the plaintiff" (quotations omitted)); *see also Pluet v. Frasier*, 355 F.3d 381, 384–85 & 385 n.2 (5th Cir. 2004) (refusing to "disturb the district court's judgment" based on plaintiff's new standing argument because it was "an entirely new legal theory raised for the first time on appeal and is accordingly waived"). In short, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). And, as elsewhere, a party cannot raise on appeal an entirely new theory that he never argued to the district court. *See Campbell*, 26 F.4th at 872–73.

Jeffus bore the burden of proving to the district court that he had met the requirements of the saving clause. *See McGhee*, 604 F.2d at 10. He did not meet that burden. As a result, we are unable to consider his new theory in this appeal.

**AFFIRMED.**